NO. 07-02-0453-CR



IN THE COURT OF APPEALS
 


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 8, 2003


______________________________



JAI B. STRAUSS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 6121; HON. LEE WATERS, PRESIDING


_______________________________


 

Opinion on Motion for Rehearing 


______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ. Pending before the court is the motion of Jai B. Strauss, appellant, for rehearing. 
Appellant contends that the issue of consent to search was preserved and not waived as
this court determined in its opinion. We overrule the motion for rehearing.

 Assuming, arguendo, that this issue was preserved for review, we find that appellant
contended on appeal that his consent was involuntary because he was "not free to go." 
However, it has been determined that the mere restriction in one's liberty does not itself
negate the validity of one's subsequent consent to search his person or vehicle. See
Meeks v. State, 692 S.W.2d 504, 509 (Tex. Crim. App. 1985) (holding that the fact a
person is under arrest does not, in and of itself, prevent free and voluntary consent from
being given). 

 Moreover, even if the detention was unlawful, consent may still be valid. See Boyle
v. State, 820 S.W.2d 122, 131-32 (Tex. Crim. App. 1989). As stated in Boyle, much
depends on the facts surrounding other indicia such as 1) the proximity of the consent to
the arrest, 2) whether the seizure brought about police observation of the particular object
which they sought consent to search, 3) whether the illegal seizure was "'flagrant police
misconduct,'" 4) whether the consent was volunteered rather than requested by the
detaining officers, 5) whether the arrestee was made fully aware of the fact that he could
decline to consent and thus prevent an immediate search of the car or residence, and 6)
whether the individual was detained simply to obtain consent. Id. at 131-32. None of
these other factors were addressed by appellant in any way. Instead, he merely relied
upon the fact of his detention as basis for attacking his consent. And, with regard to that
criteria, he does not attempt to explain how the fact he "was not free to go" rendered his
consent involuntary.

 Accordingly, we overrule appellant's motion for rehearing.

 

 Brian Quinn

 Justice




Publish.



ame="heading 8"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0425-CR

NO.
07-10-0426-CR

NO.
07-10-0427-CR

NO.
07-10-0428-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                   MAY
4, 2011

                                            ______________________________

 

                                                    PRESTON JAMES BYERLY,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                              _____________________________

 

                     FROM THE 432ND DISTRICT
COURT OF TARRANT COUNTY;

 

                                NOS. 1158634D;
1159402D; 1158631D; 1160317D;

 

HON. RUBEN GONZALEZ, PRESIDING

                                            ______________________________

 

Memorandum
Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Preston
James Byerly (appellant) appeals
his multiple convictions and judgments for aggravated robbery with a deadly
weapon.  Upon pleading guilty to the four
indictments, and after presenting punishment evidence, appellant was sentenced
to forty years in prison for each offense. 
Before us is appointed counsels motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit. 
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counsels belief that there was no reversible error
and of appellants right to file a response pro se.  By letter dated March 11, 2011, this court
also notified appellant of his right to tender his own response and set April
11, 2011, as the deadline to do so.  To
date, no response has been filed.   

            In
compliance with the principles enunciated in Anders, appellate counsel
discussed six potential areas for appeal. 
They included 1) the adequacy of the indictments, 2) the trial courts
jurisdiction, 3) whether the open plea of guilty was valid, 4) trial court
error in denying appellants motion for new trial, 5) possible punishment error
including a discussion on cruel and unusual punishment and 6) disproportionate
sentencing.  However, counsel then
proceeded to explain why none of the issues required reversal on appeal.

            In
addition, we conducted our own review of the record to assess the accuracy of
appellate counsels conclusions and to uncover any reversible error pursuant to
Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991).  After doing so, we concur with those conclusions.  

            Accordingly,
the motion to withdraw is granted, and the judgments are affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do not
publish.  

 











[1]See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).